### PRINCE, EXRX v SWEENEY et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12001. Decided Feb 2, 1932

William and Walter S. Gordon, Cleveland, for plaintiff in error.

James Metzenbaum, and Edward Blythin, Cleveland, for defendants in error.

FARR, J.

Thus it will be seen that counsel objected only upon the ground that these exhibits each represent not the amount sued for

but for one-half of the amount sued for and states objection is made **because of that fact.**

Obviously the trial court was right in its ruling. At least it may not be contended that the testimony was prejudicial. In fact it amounts to a statement only of the claim of each sister against the deceased sister's estate and that the same had been rejected, and this, at least, in substance, appeares by the pleadings. The issue here raised is not the one decided by the Supreme Court of Ohio when it formerly reviewed this case because upon the former trial these sisters were permitted to testify orally because their depositions had been taken. A different situation now obtains with 'reference to these statements from which the affidavits as before stated, had been detached, and for the reasons given it follows that this ground of error cannot avail, because the substance of these exhibits appears in the pleadings.

Next it is contended that the judgment is not sustained by clear and convincing evidence, and in the discussion of this issue this court is not unmindful of the principle announced in **Hinkle, Exr. vs. Sags, 67 Oh St 256,** and in **Merrick vs. Ditzler, 91 Oh St 256,** wherein the principle announced in both cases is somewhat modified from that announced in Hinkle, Excr. vs. Sage, as to the quantum of proof.

Likewise the principle announced in **Hornhorst vs. Hornhorst, 95 Oh St 408,** is not overlooked.

Also the case of **Newbold vs. Michael, 110 Oh St 588** is in mind and to sustain other cases in Law Journals where the principle in the case first above mentioned is again at least somewhat differently expressed.

However, it is to be recalled in the instant case that Judge Thomas of Marietta, to whom the cause was first submitted, entered judgment for the plaintiffs without the intervention of a jury, and upon the re-trial of the case the jury again found for the plaintiffs. Thus it will be seen that twice have judgments been entered in favor of plaintiffs upon practically the same testimony, and which rather strongly indicates the trend of thought in connection with the testimony of plaintiffs.

The opinion of Vickery, J., upon the first review of this cause in the Court of Appeals is well worthy of note in this connection because he holds squarely that aside from the testimony of the two sisters which was held to be incompetent, that there was sufficient other testimony to sustain the judgment. The testimony was practically the same upon both trials and it follows therefore that in view of that which has gone before that the judgment may not now be said to be against the weight of the evidence. Therefore, that ground of error cannot be sustained.

Next it is insisted that the services rendered were not of the value of $25.00 per week and that the verdict is excessive. There was the testimony of Mrs. Keiper the practical nurse who cared for Ella Abel which was to the effect that $25.00 per week would be the fair value of such services, and it may be observed that no testimony was offered to dispute the statement of the nurse. It may be observed also that by the verdict of the jury in the instant case, a trifle more than $12.50 per week was allowed and interest from October 1925 about 196 weeks at $12.50 per week would amount to $2450, with interest for 5½ years at six percent $808.50, or a total of $3258.50.

It is clear, therefore, that the verdict in the instant case of $3500 upon which judgment was rendered cannot be said to be excessive.

The next and last assignment of error is to the charge of the trial court and a number of objections are urged. At page 106 of the record, at the close of the charge, the trial court said: "Is there anything counsel desire the court to charge on either side as a matter of law being failed to touch upon?" No objection whatever was made by counsel nor did they then voice any dissatisfaction whatever for the charge as given except a general exception by each party.

An examination of the different paragraphs about which complaint is made discloses that no serious objection may be urged thereto, having in mind the instructions by the trial court at pages 100, 101, 103, 104 of the Record. In any event upon inquiry being made by the trial Court, it was the duty of counsel on either side to have made any suggestion or request which either desired to make with reference to the charge. A general exception goes only to errors appearing affirmatively in the charge. Consequently it follows that no prejudicial error appears in this behalf, and upon a careful examination of all the errors claimed, no prejudicial or reversible error is disclosed, and it follows therefore that the judgment should be affirmed, and it is so ordered. After argument, a motion was made in behalf of plaintiff in error for a diminution of record or for the correction of the bill of exceptions under the statute which upon consideration was overruled, and to which an exception may be noted.

Judgment affirmed.

MAUCK, PJ and MIDDLETON, J, concur.